**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| PUBLIC WIRELESS LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Alexander Reents (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Public Wireless ("Public Wireless") to market its services for individuals on assistance programs through the use of a telemarketing campaign,

including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

3. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Alexander Reents is an individual citizen and resident of this District.

6. Defendant Public Wireless LLC is a Florida corporation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. Public Wireless is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff by directing its conduct into this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing solicitations that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

15. Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

## FACTUAL ALLEGATIONS

16. Defendant Public Wireless is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

Calls to Plaintiff

18. Plaintiff's telephone number, 630-XXX-1481, is a cellular telephone line.

19. Mr. Reents received telemarketing calls from Public Wireless on at least September 26, 2023.

20. The pre-recorded message stated that the call was regarding an assistance program and that a tablet was being offered if you completed an application for the company's services.

21. Other individuals have complained about receiving robocalls from that number. *See e.g.* https://lookup.robokiller.com/p/470-279-3633.

22. The Plaintiff responded to the recorded message, and was then informed that the company would be calling him with a live call.

23. The live call then said that the company would be e-mailing the Plaintiff an application to submit to determine his eligibility.

24. The Plaintiff then received an e-mail from support@publicwirelessllc.com, the Defendant's company.

25. Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant.

4

26. The Defendant did not deny making the pre-recorded calls.

27. Plaintiff and all members of the Class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following Class of persons or entities similarly situated throughout the United States.

29. The Class of persons Plaintiff proposes to represent are tentatively defined as:

PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

30. Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. The Class as defined above are identifiable through phone records and phone number databases.

32. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the Class.

34. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant made calls using a prerecorded voice;

    b. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call; and

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

35. Plaintiff's claims are typical of the claims of class members.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. The actions of the Defendant are generally applicable to the Class as a whole and to Plaintiff.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violation of the TCPA's Automated Telemarketing Call Provisions

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without his prior express written consent.

42. Defendant's violations were negligent and/or willful.

## **RELIEF SOUGHT**

For himself and all members of the Class, Plaintiff requests the following relief:

A.   Certification of the proposed Class;

B.   Appointment of Plaintiff as representative of the Class;

C.   Appointment of the undersigned counsel as counsel for the Class;

D.   A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.   An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F.   An award to Plaintiff and the Class of damages, as allowed by law;

G.   Leave to amend this Complaint to conform to the evidence presented at trial; and

H.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

                    PLAINTIFF,
                    By his attorney

                    */s/ Anthony I. Paronich*
                    Anthony I. Paronich
                    Paronich Law, P.C.
                    350 Lincoln Street, Suite 2400
                    Hingham, MA 02043
                    (508) 221-1510
                    anthony@paronichlaw.com