IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER REENTS, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. 23-cv-14917 <br> : |
| Plaintiff, | : Honorable Martha M. Pacold <br> : |
| v. | : <br> : |
| PUBLIC WIRELESS LLC | : <br> : |
| Defendant. | : <br> : |

## INITIAL STATUS REPORT

Plaintiff Alexander Reents (hereinafter referred to as "Plaintiff") and defendant Public Wireless LLC ("Public Wireless"), individually and on behalf of all others similarly situated submits the attached report.

1. **The Nature of the Case:**

   A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

   Plaintiff:
   Anthony I. Paronich
   Paronich Law, P.C.
   350 Lincoln Street, Suite 2400
   Hingham, MA 02043
   (508) 221-1510
   anthony@paronichlaw.com

   Defendant:
   Laura E. Schrick
   Mathis, Marifian & Richter, Ltd.
   23 Public Square, Suite 300
   Belleville, IL 62220
   (618) 234-9800
   lschrick@mmrltd.com

{M1325134.1}

B. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

The Plaintiff alleges that Public Wireless generated new customers through the use of telemarketing despite not having the requisite consent to contact those individuals who, like the Plaintiff, were contacted using a pre-recorded message, a violation of the Telephone Consumer Protection Act. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide classes of other persons who received similar calls.

C. **Briefly identify the major legal and factual issues in the case.**

At present, Plaintiff and Defendant agree that the major legal and factual issues in the case are likely to be:

- Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether the Defendant's conduct was "knowing or willful";
- Who placed the calls and whether they were made with a pre-recorded voice;
- Whether calls were made with consent; and
- Whether the alleged calls at issue are telemarketing.

D. **State the relief sought by any of the parties.**

The Plaintiff seeks to certify the following class:

> All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    A. **Identify all federal statutes on which federal question jurisdiction is based.**

    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

    (1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

    (2) **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

3. **Status of Service:** The defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

    The parties have been advised, but do not unanimously consent.

5. **Motions:**

    A. **Briefly describe any pending motions.**

    None.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

The Defendant has filed an Answer.

6. **Discovery Anticipated and Deadline**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Defendant agrees that these are likely topics of discovery. Defendant also anticipates seeking discovery from Plaintiff regarding his consent to telemarketing, his contacts with Defendant and/or its agents and his prior TCPA litigation. Defendant anticipates third-party discovery from the call center and its leads provider on similar matters.

The parties propose a fact discovery deadline of June 28, 2024.

7. **Status of Settlement Discussions:**

    A. **Indicate whether any settlement discussions have occurred;**

    Defendant made an initial settlement offer, which Plaintiff declined. Plaintiff believes that he needs to take discovery regarding the size and scope of the proposed class to inform settlement discussions.

B. **Describe the status of any settlement discussions; and**

See above. Plaintiff desires to undertake class discovery before engaging in settlement discussions.

C. **Whether the parties request a settlement conference.**

Plaintiff does not request a settlement conference as he has not yet obtained discovery regarding the size of the putative class. Defendant requests an early settlement conference.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich* (w/consent)
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,
By its attorneys:

/s/ *Laura E. Schrick*
Laura E. Schrick
Mathis, Marifian & Richter, Ltd.
23 Public Square, Suite 300
Belleville, IL 62220
(618) 234-9800
lschrick@mmrltd.com

Dated: December 13, 2023